Eastern Gas and Fuel Associates, Alleged Transferee of The Koppers Coal Company v. Commissioner.
Eastern Gas & Fuel Assocs. v. Commissioner
Docket No. 110248.
United States Tax Court
1946 Tax Ct. Memo LEXIS 147; 5 T.C.M. (CCH) 542; T.C.M. (RIA) 46152; June 28, 1946
*147 1. Held, that in determining the tax liability of petitioner's transferor for the year 1938 for which liability the petitioner is liable as transferee, the basis for depreciation or exhaustion of certain assets of the transferor is $7,600,000 plus cost of additions made subsequent to original acquisition of such assets. 2. Held, that in computing the tax liability of the Koppers Coal Company, petitioner's transferor, for 1938, deduction may not be permitted for certain West Virginia transportation taxes and interest thereon, certain Pennsylvania income and franchise taxes and interest thereon, and certain New York sales taxes and interest thereon, the taxes and interest in question, although pertaining to that year, having neither been paid in that year, determined in amount, nor liability admitted. 3. Held, that in computing the tax liability for 1938 of the Koppers Coal Company, petitioner's transferor, deduction may not be permitted of such interest as may be computed for that year upon deficiencies in income and unjust enrichment taxes and transferee liabilities which may hereafter be found and determined against such transferor in a proceeding now pending. John *148 E. McClure, Esq., Edward L. Updike, Esq., 920 Southern Bldg., Washington, D.C., and D. P. Moyers, Esq., for the petitioner. J. Harrison Miller, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: Respondent has determined a liability of $52,698.88 against petitioner as alleged transferee of The Koppers Coal Company and representing a deficiency in income tax in that amount determined as due from the alleged transferor for the calendar year 1938. Fourteen issues are framed by the pleadings. These issues, together with the facts found and opinion thereon, will be set out separately hereinafter. The return for the Koppers Coal Company for the year 1938 was filed with the collector of internal revenue for the 23rd district of Pennsylvania at Pittsburgh, Pennsylvania, and the petitioner herein is a Massachusetts Voluntary Association with principal place of business at 250 Stuart Street, Boston, Massachusetts, it having, on December 31, 1941, as sole stockholder of The Koppers Coal Company, received all the assets and liabilities of that company in liquidation under section 112 (b) (6) of the Internal Revenue Code *149 . Issue 1 This issue is upon the question of petitioner's liability as a transferee of The Koppers Coal Company and is disposed of by stipulation of the parties that it is so liable. Issue 2 The question here presented is whether, for purposes of computing net income of The Koppers Coal Company for the year 1938, the basis for depreciation and depletion upon certain properties belonging to that company known as "the C.C.B. Properties", is $7,600,000, plus the cost of additions since acquisition from six predecessor corporations, or $3,525,634.13, their cost basis to such corporations, plus the cost of subsequent additions. Findings of Fact This issue, except that it relates to the subsequent year 1938, is identical with Issue No. 1 in the proceeding, Koppers Coal Company, Docket No. 108492, in which our opinion was promulgated May 29, 1946, 6 T.C. 1209. The parties stipulate that the formal stipulation filed in the proceeding under Docket No. 108492, in Issue No. 1, together with additional facts found on that issue by us, are to be considered as the facts found with respect to the present issue and they are accordingly included herein by reference. Opinion
*150 The question here presented being identical with that on Issue No. 1 in Koppers Coal Company, Docket No. 108492, and ruled by our decision in that proceeding, it must necessarily be held that the basis for computing depreciation and depletion of the Koppers Coal Company with respect to the properties in question for the later year of 1938 is $7,600,000, plus cost of additions. Issue 3 This issue is whether the taxpayer, Koppers Coal Company, is entitled to an additional dividends paid credit for the year 1938 and is settled by stipulation filed by the parties at the hearing. This stipulation will be given effect in recomputation under Rule 50. Issue 4 The question here is whether the taxpayer was entitled to credit for the year 1938 of $53,716.10 in taxes paid, or $36,081.95, the figure used by petitioner in computing the deficiency. This issue is disposed of by stipulation of the parties that the taxpayer is entitled to credit in the sum of $53,716.10, this amount being paid as income taxes by the taxpayer for the year 1938. This stipulation will be given effect upon recomputation under Rule 50. Issues 5 and 6 The questions here presented are, under Issue 5, whether *151 the taxpayer is entitled to an additional deduction for 1938 for West Virginia transportation tax of $1,109.27 on the operation of certain buses during that year and, under Issue 6, to deduct $135.09 of interest thereon applicable to that year. Findings of Fact These issues, except that they relate to the subsequent year 1938, are identical with Issues 8 and 9 in Koppers Coal Company, Docket No. 108492, herein-before referred to, and the parties agree that the facts set forth in the Stipulation of Facts Nos. 8 and 9, filed in that proceeding, be made a part of the stipulation and considered as here presented. We accordingly here include that stipulation and our Findings of Fact on those issues in that proceeding by reference as our Findings of Fact. Opinion The questions here presented are identical with those involved in Issues 8 and 9 in the proceeding under Docket No. 108492. The items here claimed as deductions represent taxes and interest for the year 1938 with respect to which liability was contested by the taxpayer at all times and notpaid until the year 1940. For the reasons set out in our opinion on Issues 8 and 9 in Docket No. 108492, we must hold here that petitioner *152 is not entitled to the deductions sought. Issues 7 and 8 The questions here presented are, under Issue 7, the taxpayer's right to deduct for 1938 certain Pennsylvania income taxes and, under Issue 8, to deduct interest on such taxes, these items being applicable to the year 1938. Neither item is at present ascertainable in amount. Findings of Fact These issues are identical with Issues 10 and 11 under Docket No. 108492 except that the items are for a subsequent year. The parties have stipulated that the Stipulation of Facts Nos. 10 and 11, in that proceeding, be adopted by reference as the facts to be considered upon these issues. We include the stipulation in question by reference as our Findings of Fact. Opinion For the reasons set out in our opinion upon Issues 10 and 11 in the proceeding under Docket No. 108492, we hold that the taxpayer was not entitled to deduction of the items in question in 1938, as the amounts thereof were in dispute and have not yet been finally determined or paid. Issues 9 and 10 The question, under Issue 9, is whether the taxpayer was entitled to an additional deduction for 1938 of Pennsylvania franchise taxes in the sum of $5,687.52 and, *153 under Issue 10, whether it was entitled in that year to the deduction of interest on Pennsylvania franchise taxes. Findings of Fact These issues, except that they relate to the subsequent year 1938, are identical with Issues 12 and 13 in the proceeding, Koppers Coal Company, Docket No. 108492, and the parties agree that the facts set forth in Stipulation of Facts Nos. 12 and 13, filed in that proceeding, may be adopted by reference and made the Findings of Fact for the determination of the issues here presented. We accordingly include by reference the Stipulation of Facts 12 and 13 as our Findings of Fact. Opinion The questions here presented are identical with those involved in Issues 12 and 13 in the proceeding under Docket No. 108492 and are ruled by our decision thereof in that proceeding. For the reasons set out in our opinion in the proceeding under Docket No. 108492, we hold that petitioner is not entitled to the deductions here sought. Issues 11 and 12 The question, under Issue 11, is whether the taxpayer was entitled to an additional deduction for 1938 of New York sales tax in the amount of $404.04 and, under Issue 12, whether it was entitled in that year to the *154 deduction of interest in the amount of $62.45 on such tax. Findings of Fact These issues, except that they relate to the subsequent year 1938, are identical with Issues 14 and 15 in the proceeding, Koppers Coal Company, Docket No. 108492, and the parties agree that the facts set forth in Stipulation of Facts Nos. 14 and 15, filed in that proceeding, may be adopted by reference and made the Findings of Fact for the determination of the issues here presented. We accordingly include by reference the Stipulation of Facts Nos. 14 and 15 as our Findings of Fact. Opinion The questions here presented are identical with those involved in Issues 14 and 15 in the proceeding under Docket No. 108492 and are ruled by our decision thereof in that proceeding. For the reasons set out in our opinion in the proceeding under Docket No. 108492, we hold that petitioner is not entitled to the deductions here sought. Issue 13 The question under this issue is whether the taxpayer was entitled to additional deduction for 1938 for interest which may be determined as due on Federal income and unjust enrichment taxes which may be de-determined as due for that year in a proceeding now pending, where *155 a liability for such taxes and interest was not admitted but disputed in that year and the amount thereof was not determined. Findings of Fact This issue, except that it relates to the subsequent year 1938, is identical with Issue 16 in the proceeding under Docket No. 108492 and is ruled by our decision therein. If in that proceeding and in another proceeding, Eastern Gas and Fuel Associates, Alleged Transferee of the Koppers Coal Company, Docket No. 4570, now pending, deficiencies should be determined in income and unjust enrichment tax of Koppers Coal Company, such deficiencies will bear interest computed for the year 1938 here involved. The parties hereto stipulate that the controversy under this issue relates solely to whether interest on deficiencies on taxpayer's income and unjust enrichment taxes allocable to the year 1938 accrued within that taxable year and was the subject of deduction by the taxpayer. Opinion This issue being identical with Issue No. 16 in the proceeding under Docket No. 108492, we must hold as we did in that proceeding, and for the reasons there stated, that petitioner is not entitled to the deductions sought. Issue 14 The question here is whether *156 the taxpayer was entitled to an additional deduction for 1938 for interest on deficiencies in Federal income and unjust enrichment taxes of companies of which the taxpayer was, during that year, an alleged transferee, the amount of such deficiencies and interest not having yet been determined. Findings of Fact This issue is identical, with the exception that it relates to the later year 1938, with Issue 17 in the proceeding, Koppers Coal Company, Docket No. 108492, and is ruled by our decision therein. The parties agree that the Stipulation of Facts Nos. 2 and 17 in the proceeding, Koppers Coal Company, Docket No. 108492, and the Stipulation of Facts No. 2 in the proceeding, Eastern Gas and Fuel Associates, Alleged Transferee of the Koppers Coal Company, Docket No. 1742, may be adopted by reference and considered as stipulated upon the present issue in this proceeding. The controversy between the parties hereto is stipulated to relate solely to whether that portion of interest on tax deficiencies asserted and now being litigated in the proceeding referred to above which will be computed for the year 1938, if such deficiencies are determined, may be considered as "accrued", for *157 purposes of deduction in computing the taxpayer's net income for the year 1938. Opinion The deficiencies in question were not determined in 1938, nor liability admitted in that year, and the existence of such deficiencies has not yet been determined. For the reasons set out in our opinion on Issue 17 in the proceeding, Koppers Coal Company, Docket No. 108492, we hold that no basis for accrual existed with respect to such items in the year 1938. Decision will be entered under Rule 50.